# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **PENN NATIONAL MUTUAL INSURANCE COMPANY,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **YASAI, INC.,** | ) ) |
| Defendant. | ) |

CIVIL ACTION NO.
_____

## COMPLAINT

Plaintiff Penn National Mutual Insurance Company ("Penn National") sues YASAI, Inc. as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Penn National Mutual Insurance Company ("Penn National") is a Pennsylvania corporation with its principal place of business in the State of Pennsylvania. At all times relevant, Penn National was and is engaged in business as an insurer and is licensed to issue policies of insurance in the State of Alabama.

2. At all times relevant hereto, Penn National provided insurance coverage to RVBY Ventures Inc. ("RVBY") in connection with a commercial retail building owned and operated by RVBY and located at 1520 West Moulton Street, Decatur, AL 35601 ("Building").

3. Defendant YASAI, Inc. ("YASAI") is an Alabama corporation with its principal place of business in the State of Alabama. YASAI may be served with process through its registered agent, Yaser Alaydi, 1520 West Moulton St., Decatur, AL 35601.

4. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between Penn National and YASAI.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this claim occurred in Morgan County, Alabama.

## ALLEGATION OF FACTS

6. The allegations contained in paragraphs 1 through 5, above, are re-alleged and incorporated herein by reference as if fully set forth below.

7. At all times relevant hereto, YASAI owned and operated a Stock 'n Save grocery store at the Building pursuant to a valid and enforceable lease agreement between YASAI and RVBY.

8. On or about April 19, 2016, a fire occurred at the Building.

9. The fire originated at a laptop computer on a desk inside the Stock 'n Save grocery store ("Laptop").

10. The Laptop was owned by YASAI.

11. Prior to the fire, YASAI had actual knowledge that the Laptop would not operate on battery power, that the Laptop's battery would get extremely hot when the computer was connected to electrical power and that it was necessary to periodically turn the computer off to permit it to cool down.

12. Despite this knowledge, YASAI chose to continue to operate the Laptop with the battery in place and connected to external electrical power while it was in direct contact with a desktop and in close proximity to other combustible materials.

13. On April 19, 2016, the Laptop and its battery overheated while the Laptop was connected to external electrical power, igniting the desk upon which it sat and adjacent combustible materials, after which the fire spread and did damage to the commercial retail building owned by RVBY and insured by plaintiff.

## COUNT I – NEGLIGENCE

14. The allegations contained in paragraphs 1 through 13, above, are re-alleged and incorporated herein by reference as if fully set forth below.

15. YASAI owed to all reasonably foreseeable parties, including RVBY (and therefore to Penn National), the duty to use reasonable care to avoid causing harm or damage to the property of others.

16. YASAI breached the duty it owed to RVBY (and therefore to Penn National) by (a) operating the Laptop in direct contact with and close proximity to

combustible materials, despite having knowledge of the Laptop's propensity for overheating when connected to external electrical power and in operation and (b) by failing to monitor the operation of the Laptop and its temperature while in use to avoid overheating and the risk of fire.

17. As a direct, proximate, and foreseeable result of YASAI's breaches of duty and negligence, Penn National has suffered damages in the amount of $600,000.00.

## COUNT II – BREACH OF CONTRACT

18. The allegations contained in paragraphs 1 through 17, above, are re-alleged and incorporated herein by reference as if fully set forth below.

19. On or about February 17, 2010, YASAI executed a valid and enforceable lease to operate the Stock 'n Save grocery store in the Building with the Building's then-owner, Level 7 LLC.

20. On or about November 1, 2012, Level 7 LLC assigned its rights under the lease to RVBY.

21. The lease states: "If the demised Premises, or any part of the demised Premises, shall be partially damaged by fire or other casualty due to [YASAI's] negligence or wilful [sic] act or that of [YASAI's] employees, agents, licensees, invitees, customers, or servants, no abatement of rent shall be applicable and

[YASAI] shall be responsible for promptly making repairs to the Premises and for damages to Lessor."

22. The lease also provides that "[YASAI] shall not keep or have on the leased Premises any . . . thing of a dangerous, inflammable or explosive character that might unreasonable increase the danger of fire on the leased Premises . . . . [YASAI] shall be solely responsible for and shall defend . . . indemnify and hold Lessor harmless from and against any . . . damages, costs or expenses . . . arising out of or in connection with any storage, use or disposal of hazardous materials . . . on or about the Premises . . . ."

23. YASAI has breached its contractual obligations set forth above, because it has not paid for any of damages suffered by RVBY (and therefore Penn National) resulting from the April 19, 2016 fire.

24. As a direct, proximate, and foreseeable result of YASAI's breach of contract, Penn National has suffered damages in the amount of $600,000.00.

**WHEREFORE**, Penn National prays that:

1. Process issue and be served upon YASAI compelling it to appear and answer this Complaint;

2. Penn National have judgment in its favor and against YASAI in an amount not less than $600,000.00;

3. That all costs of this action be taxed to YASAI; and

4. Penn National have all other relief to which it is entitled at law or equity.

This the 15th day of November, 2017.

/s/ John W. Scott
John W. Scott (ASB-1788-T68J)
William E. Stevenson (ASB-5056-H52R)

**OF COUNSEL**:
**SCOTT DUKES & GEISLER, PC**
211 Twenty-Second Street North
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Facsimile: (205) 251-6747
jscott@scottdukeslaw.com
wstevenson@scottdukeslaw.com

**OF COUNSEL**:
David A. Terry
**COZEN O'CONNOR**
1230 Peachtree Street, N.E., Suite 400
Atlanta, Georgia  30309
Telephone: (404) 572-2000
Facsimile: (404) 572-2199
dterry@cozen.com

(*pro hac motion to be filed*)

**Please serve Defendant by certified mail as follows:**

**YASAI, Inc.**
c/o Yaser Alaydi
1520 West Moulton St.
Decatur, AL 35601